St. Marks Assets, Inc. v Sohayegh (2018 NY Slip Op 08432)





St. Marks Assets, Inc. v Sohayegh


2018 NY Slip Op 08432


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7837 653682/16

[*1]St. Marks Assets, Inc., Plaintiff-Appellant,
v
Elliot Sohayegh, Defendant-Respondent.


The Abramson Law Group, PLLC, New York (Howard Wintner of counsel), for appellant.
The Price Law Firm, LLC, New York (Joshua C. Price of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered June 18, 2018, which denied plaintiff's motion for summary judgment seeking a declaration that two contracts of sale between the parties are void and dismissal of defendant's counterclaim for specific performance, unanimously affirmed, with costs.
Plaintiff seeks to rescind two contracts, executed by its president, for the sale of two Manhattan properties to defendant. Summary judgment was precluded by triable issues as to whether Business Corporation Law § 909(a) applies to the circumstances here, due to conflicting evidence as to whether the sale of real property is outside the scope of defendant's regular course of business, and whether the sale of the properties at issue here would dispose of substantially all of plaintiff's assets. Further, while there is no dispute that the sale was not formally approved by shareholder vote, there is evidence that all shareholders informally approved of the properties' sale, and that plaintiff's directors regularly dispensed with corporate formalities, such as shareholder meetings. "If corporate formalities are customarily dispensed with and the affairs of a close corporation are carried on through informal conferences, decisions reached by all the directors and shareholders at informal conferences bind the corporation" (Leslie, Semple & Garrison v Gavit & Co., 81 AD2d 950, 951 [3d Dept 1981]).
Plaintiff's argument that defendant's factual averments that the sales were approved by all shareholders are fabrications requires a credibility determination, which is not appropriate on summary judgment (DeSario v SL Green Mgt. LLC, 105 AD3d 421 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK